1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AVON DAVIES,                          No.  2:14-cv-0945-LKK-EFB P

12              Plaintiff,

13        v.                               ORDER GRANTING IFP AND
                                           RECOMMENDATION TO DISMISS
14   CURTIS ALLEN, et al.,                 COMPLAINT WITHOUT LEAVE TO
                                           AMEND FOR FAILURE TO STATE A
15              Defendants.                CLAIM

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing a complaint, he has filed an application to proceed in forma

19   pauperis pursuant to 28 U.S.C. § 1915.  For the reasons stated below, the court finds that the

20   complaint fails to state a claim upon which relief may be granted and should be dismissed without

21   leave to amend.

22   **I.    Request to Proceed In Forma Pauperis**

23        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

24   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

25   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

26   § 1915(b)(1) and (2).

27   /////

28   /////

1

1    **II.    Screening Requirement and Standards**

2           Federal courts must engage in a preliminary screening of cases in which prisoners seek

3    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7    relief."  *Id.* § 1915A(b).

8           A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15   U.S. 662, 679 (2009).

16          To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19   a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at

20   678.

21          Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28   /////

2

1    **III.    Screening Order**

2        In the complaint (ECF No. 1), plaintiff alleges that he and the 130 other inmates in his

3    housing unit were quarantined and ordered to submit to a blood test after one of the inmates was

4    suspected of being infected with a virus related to chicken pox.  The purpose of the blood test was

5    to assess each inmate's "exposure to and immunity level to chicken pox."  ECF No. 1 at 10[1]; *see*

6    *also id.* at 6 ("we were told by nursing staff that . . . it was for the purpose of determining whether

7    we had chicken pox and what was our level of immunity to it").  Inmates were told that if they did

8    not submit to a blood test, they would be placed in administrative segregation until it could be

9    determined that they did not have chicken pox.  *Id.* at 6.  Plaintiff alleges that he agreed to be

10   tested.  According to plaintiff, the testing was authorized under section 1250.4(e) of the California

11   Health and Safety Code, but violated his federal constitutional rights because section 1250.4(e)

12   affords prison officials too much arbitrary discretion,[2]  thereby violating his Fourth Amendment

13   right to be free from unreasonable searches and his Fourteenth Amendment rights to due process

14   and equal protection.  As explained below, plaintiff's allegations fail to state a cognizable claim

15   under 42 U.S.C. § 1983, and must be dismissed without leave to amend.

16       To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

17   constitutional or statutory right; and (2) that the violation was committed by a person acting under

18   the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

19   930, 934 (9th Cir. 2002).  Forced blood tests may impinge on a prisoner's constitutional rights if

20   they are not reasonably related to legitimate penological interests.  *See Thompson v. City of Los*

21   *Angeles*, 885 F.2d 1439, 1447 (9th Cir. 1989) ("we openly acknowledge the serious intrusive

22   nature of the extraction of blood from the person"); *Walker v. Sumner*, 917 F.2d 382, 385-86 (9th

23   Cir. 1990) ("Nevertheless, prisoners' constitutional rights are subject to substantial limitations

24   ―――――――――――――――

25       [1] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

26

27       [2] Section 1250.4(e) provides that "any inmate . . . who refuses to submit to an examination, test, or treatment for any communicable, contagious, or infectious disease . . . shall be tested involuntarily and may be treated involuntarily.  This inmate . . . shall be subject to

28   disciplinary action as described in Title 15 of the California Code of Regulations."

1    and restrictions in order to allow prison officials to achieve legitimate correctional goals and

2    maintain institutional security").  To establish that a blood test was reasonably related to

3    legitimate penological interests, prison officials need only show what the purpose of the testing

4    was, and that the results would be used to further a legitimate penological end.  *Walker*, 917 F.2d

5    at 388.  The U.S. Court of Appeals for the Ninth Circuit has held that forced blood tests for the

6    purpose of diagnosing and preventing transmission of serious disease within a prison are not

7    unreasonable in violation of the Fourth Amendment or the due process clause.  *Thompson*, 885

8    F.2d at 1447-48; *see also Dunn v. White*, 880 F.2d 1188, 1195-97 (10th Cir. 1989) (upholding

9    nonconsensual testing of prisoners for AIDS based upon prison administration's interest in

10   "responding to the threat of AIDS").

11            Here, it is apparent from plaintiff's allegations that the blood test was reasonably related

12   to legitimate penological interests and was not an arbitrary abuse of discretion.  The blood tests

13   were required of the 130 inmates living in the same housing unit after one of those inmates was

14   suspected of being infected with chicken pox, or a virus closely related to the chicken pox virus.

15   As noted, the government has a legitimate interest in preventing disease and protecting the health

16   of inmates.  *Thompson*, 885 F.2d at 1447.  Plaintiff's complaint demonstrates that the purpose of

17   the blood test was to diagnose and prevent transmission of the virus throughout plaintiff's

18   housing unit.  In addition, it was not unreasonable for prison officials to threaten those who

19   refused the blood test with administrative segregation.  *See Harris v. Lopez*, No. 92-2223-JPV,

20   1992 U.S. Dist. LEXIS 12603, at *2-4 (N.D. Cal. July 24, 1992) (noting that prison officials have

21   an obligation to provide inmates with adequate medical care and personal safety and finding it

22   was reasonable to isolate inmates who refused to submit to tuberculosis tests because "[a]llowing

23   untested inmates to mix with the general population puts all inmates at a serious health risk, thus

24   violating the government's obligation to the general population").  Moreover, plaintiff fails to

25   plead any facts that could plausibly support a claim based on a violation of his right to equal

26   protection.[3]

27   _____

28          [3] "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must
     show that he was treated in a manner inconsistent with others similarly situated, and that the

                                                  4

1       Because plaintiff's allegations demonstrate that prison officials had legitimate penological

2   interests in mind when ordering plaintiff to submit to a blood test or face administrative

3   segregation, and because plaintiff pleads no facts demonstrating any violation of his constitutional

4   rights, he fails to state a claim under 42 U.S.C. § 1983.  Accordingly, the complaint must be

5   dismissed for failure to state a claim upon which relief could be granted.  Because the defects in

6   plaintiff's claim could not be cured through further amendment, the court recommends dismissal

7   without leave to amend.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di*

8   *Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to

9   amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

10  cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494,

11  497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend

12  the pleading was made, unless it determines that the pleading could not be cured by the allegation

13  of other facts.").

14       Accordingly, IT IS HEREBY ORDERED that:

15       1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

16       2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

17  accordance with the notice to the California Department of Corrections and Rehabilitation filed

18  concurrently herewith.

19       Further, IT IS HEREBY RECOMMENDED that the complaint (ECF No. 1) be dismissed

20  for failure to state a claim upon which relief may be granted and that the Clerk be directed to

21  close the case.

22       These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26

27  defendants acted with an intent or purpose to discriminate against the plaintiff based upon
    membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th
28  Cir. 2005) (internal quotations omitted).

5

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be served and filed within fourteen days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

5   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

6   DATED:  August 4, 2014.

7

8   EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28